IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN DEON WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 4:20-CV-433-Y |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Steven Deon Williams, a federal prisoner confined at FMC-Fort Worth, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction in part and denied in part.

I.  Factual and Procedural History

Petitioner is serving a 188-month term of imprisonment on his 2013 conviction for possession with intent to distribute 136.3 kilograms of marihuana in the United States District Court for the Southern District of Texas, Case No. 2:12-CR00539-001. (Resp't's App. 1-7, doc. 10.) In this petition, Petitioner challenges the validity of his sentence on the basis that his state-court convictions were improperly used to enhance his sentence under the career-offender provision in U.S.S.G. 4B1.1 and claims that his

prison facility has been compromised by COVID-19. (Pet. 5-6, doc. 6.) He seeks "to have [his] PSR corrected and time served or release to home confinement due to the FMC-Fort Worth ['s] being a hot spot" for the virus in light of his underlying medical conditions. (Id. at 7.) Petitioner has filed a § 2255 motion to vacate, set aside, or correct his sentence in the convicting court, which was dismissed as untimely. (Id. at 12-17.) He has also filed in the convicting court a motion for release to home confinement under the CARES Act and a motion for reduction of sentence under § 3582(c)(1)(A), to no avail. (Mem. Op & Order, United States v. Williams, Criminal Action No. 2:12-539, doc. 38.)

## II.  Discussion

Petitioner's challenge to his sentence is not cognizable in a § 2241 petition. A § 2255 motion to vacate, set aside, or correct a federal sentence is the primary method a federal prisoner may employ to collaterally attack the legality of a conviction or sentence, while a § 2241 petition for writ of habeas corpus is generally used to challenge the manner in which a sentence is executed. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). In the district courts of the Fifth Circuit of the United States Courts, an attack on the validity of a federal conviction or sentence may only be considered under § 2241 if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255(e); *Tolliver v. Dobre,* 211 F.3d

2

876, 877 (5th Cir. 2000). In order to meet this burden under the so-called "savings clause," a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The United States Court of Appeals for the Fifth Circuit has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See Kelley v. Castaneda,* 711 Fed. App'x 243, 243-44 (5th Cir. 2018) (citing cases). The Court is therefore without jurisdiction to consider Petitioner's claim. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

And, although the Fifth Circuit has held a request for release to home confinement in the context of the COVID-19 pandemic is properly brought in a § 2241 petition, no prisoner has a constitutional right to be housed in a particular place or any constitutional right to early release. *See Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Nor does this Court have the authority to mandate an inmate's release to home confinement. *See Cheek v.*

*Warden,* --- Fed. App'x ---, 2020 WL 6938364, at *2 (5th Cir. Nov. 24, 2020).

For the reasons discussed, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED in part for lack of jurisdiction and DENIED in part.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural

question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling or made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability should not issue.

    SIGNED January 4, 2021.

                                    */s/ Terry R. Means*
                              TERRY R. MEANS
                              UNITED STATES DISTRICT JUDGE